Case 4:24-cv-01416   Document 9   Filed on 03/07/25 in TXSD   Page 1 of 5

United States District Court
Southern District of Texas
**ENTERED**
March 07, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| PAUL J.,[1] | § |
| | § |
| Plaintiff. | § |
| | § |
| V. | § CIVIL ACTION NO. 4:24-cv-01416 |
| | § |
| COMMISSIONER OF SOCIAL SECURITY, | § |
| | § |
| Defendant. | § |

## MEMORANDUM AND RECOMMENDATION

Plaintiff Paul J. seeks judicial review of an administrative decision denying his application for disability and disability insurance benefits under Title II of the Social Security Act (the "Act"). *See* Dkt. 1. Paul J. has not filed "a brief for the requested relief" as required by Rule 6 of the Supplemental Rules for Social Security Actions Under § 405(g), and as ordered by this court. *See* Dkt. 7 at 1 ("**ORDERED** that on or before Monday, August 5, 2024, [Paul J.] shall file his brief for the requested relief"). Accordingly, my review is limited to the arguments raised in Paul J.'s Original Complaint. *See* Dkt. 1.

Having reviewed the Original Complaint, the record, and the applicable law, I recommend the Commissioner's decision be affirmed.

## BACKGROUND

On December 8, 2020, Paul J. filed a Title II application for disability and disability insurance benefits alleging disability beginning January 20, 2020. His application was denied and denied again upon reconsideration. Subsequently, an Administrative Law Judge ("ALJ") held a hearing and found that Paul J. was not

---

[1] On May 1, 2023, the Committee on Court Administration and Case Management of the Judicial Conference of the United States issued a memorandum recommending that courts adopt a local practice of using only the first name and last initial of any non-government party in Social Security opinions.

disabled. Paul J. filed an appeal with the Appeals Council. The Appeals Council denied review, making the ALJ's decision final and ripe for judicial review.

## APPLICABLE LAW

The standard of judicial review for disability appeals is provided in 42 U.S.C. § 405(g). *See Waters v. Barnhart*, 276 F.3d 716, 718 (5th Cir. 2002). Courts reviewing the Commissioner's denial of social security disability applications limit their analysis to "(1) whether the Commissioner applied the proper legal standards; and (2) whether the Commissioner's decision is supported by substantial evidence on the record as a whole." *Est. of Morris v. Shalala*, 207 F.3d 744, 745 (5th Cir. 2000). Addressing the evidentiary standard, the Fifth Circuit has explained:

> Substantial evidence is that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion; it must be more than a scintilla, but it need not be a preponderance. It is the role of the Commissioner, and not the courts, to resolve conflicts in the evidence. As a result, [a] court cannot reweigh the evidence, but may only scrutinize the record to determine whether it contains substantial evidence to support the Commissioner's decision. A finding of no substantial evidence is warranted only where there is a conspicuous absence of credible choices or no contrary medical evidence.

*Ramirez v. Colvin*, 606 F. App'x 775, 777 (5th Cir. 2015) (cleaned up). Judicial review is limited to the reasons relied on as stated in the ALJ's decision, and *post hoc* rationalizations are not to be considered. *See SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947).

Under the Act, "a claimant is disabled only if she is incapable of engaging in *any* substantial gainful activity." *Anthony v. Sullivan*, 954 F.2d 289, 293 (5th Cir. 1992) (quotation omitted). The Commissioner uses a five-step approach to determine if a claimant is disabled, including:

> (1) whether the claimant is presently performing substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the impairment meets or equals a listed impairment; (4) whether the impairment prevents the claimant from doing past

relevant work; and (5) whether the impairment prevents the claimant from performing any other substantial gainful activity.

*Salmond v. Berryhill*, 892 F.3d 812, 817 (5th Cir. 2018) (quoting *Kneeland v. Berryhill*, 850 F.3d 749, 753 (5th Cir. 2017)).

The burden of proof lies with the claimant during the first four steps before shifting to the Commissioner at Step 5. *See Salmond*, 892 F.3d at 817. Between Steps 3 and 4, the ALJ considers the claimant's residual functional capacity ("RFC"), which serves as an indicator of the claimant's maximum capabilities given the physical and mental limitations detailed in the administrative record. *See Kneeland*, 850 F.3d at 754. The RFC also helps the ALJ "determine whether the claimant is able to do her past work or other available work." *Id.*

## THE ALJ'S DECISION

The ALJ found at Step 1 that Paul J. "has not engaged in substantial gainful activity since January 20, 2020, the alleged onset date." Dkt. 5-3 at 15.

The ALJ found at Step 2 that Paul J. "has the following severe impairments: bilateral optic atrophy and diabetes mellitus." *Id.*

At Step 3, the ALJ found that none of these impairments met any of the Social Security Administration's listed impairments. *See id.*

Prior to consideration of Step 4, the ALJ determined Paul J.'s RFC as follows:

> [Paul J.] has the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c) except he can lift or carry 50 pounds occasionally and 25 pounds frequently; he can stand or walk for 6 hours in an 8 hour day; he can sit for 6 hours in an 8 hour day; he can never work with small objects or fine print, or perform tasks requiring fine visual acuity; he can never have jobs requiring depth perception or binocular vision; and he can never operate a motor vehicle.

*Id.* at 16.

At Step 4, the ALJ found that Paul J. "is capable of performing past relevant work as a clean-up worker, DOT #381.687-018 (medium, unskilled, SVP 2). This work does not require the performance of work-related activities precluded by [his]

3

residual functional capacity." *Id.* at 20. Accordingly, the ALJ found that Paul J. "has not been under a disability." *Id.* at 22.

## DISCUSSION

Because Paul J. has not filed "a brief for the requested relief" as required by Rule 6 of the Supplemental Rules for Social Security Actions Under § 405(g) and as ordered by this court, *see* Dkt. 7 at 1, my review is limited to the arguments raised in Paul J.'s Original Complaint. *See* Dkt. 1. In his Original Complaint, Paul J. writes: "Denied because they said I worked, which is false. He asked to see my next doctor [appointment] and ruled on it anyway. And the judgment has me in civil court." Dkt. 1 at 3. I will address each of these arguments in turn.

First, Paul J. argues that the ALJ "said [Paul J.] worked, which is false." *Id.* At Step 1 the ALJ wrote: "[Paul J.] worked after the alleged disability onset date, but this work activity did not rise to the level of substantial gainful activity. The record shows [he] has some earnings in 2020, but they do not approach the level of substantial gainful activity." Dkt. 5-3 at 15. In other words, it is true that the ALJ observed that Paul J. worked in 2020, but because the ALJ found that such work did *not* constitute substantial gainful activity, the ALJ proceeded to the next step of the analysis. Thus, even if the ALJ was wrong that Paul J. worked at all in 2020, such error was harmless. *See, e.g.*, *Jones v. Astrue*, 821 F. Supp. 2d 842, 851 (N.D. Tex. 2011) ("Thus, there is no ground for reversal because the ALJ proceeded beyond step two in the sequential analysis in discussing all of Plaintiff's impairments.").

Second, Paul J. argues that the ALJ asked to see his next doctor appointment and ruled on it anyway. This argument implies that the ALJ ruled without considering the record of that doctor appointment. But the ALJ's decision shows that the ALJ waited much longer than necessary to receive the record of Paul J.'s latest ophthalmology appointment and considered it in his decision:

> At the hearing, the claimant reported that he had an upcoming ophthalmology appointment that he wanted to place in the record. A record of that appointment was finally received into the record on

4

August 4, 2023, and has been exhibited at exhibit 11F. The undersigned Administrative Law Judge finds that the requirements of 20 CFR 404.935(b) are satisfied and admits this evidence into the record.

Dkt. 5-3 at 12. Accordingly, the ALJ did not rule on Paul J.'s case with an incomplete record.

Lastly, Paul J. writes: "the judgment has me in civil court." Dkt. 1 at 3. If this is an argument, I do not know what to make of it.

## CONCLUSION

I have reviewed the record and find that the Commissioner's decision is supported by substantial evidence and free of legal error. Accordingly, I recommend the Commissioner's decision be affirmed.

The parties have 14 days from service of this Memorandum and Recommendation to file written objections. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2). Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error.

SIGNED this 7th day of March 2025.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE